UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GAIL SULLIVAN,

Plaintiff,

v.

NCL (BAHAMAS), LTD.,

Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, GAIL SULLIVAN, by and through the undersigned attorney, hereby files this Complaint for Damages and sues Defendant, NCL (BAHAMAS), LTD., (hereinafter "NCL"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, GAIL SULLIVAN is and was a resident of the state of Florida.

4. At all times material hereto, NCL was incorporated in Bermuda and had its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, NCL owned, operated, maintained, managed, and/or controlled the cruise ship the *Norwegian Sun*.

7. On or about May 28, 2019, GAIL SULLIVAN was a fare-paying passenger aboard the *Norwegian Sun.*

8. On or about May 28, 2019, GAIL SULLIVAN was walking down an interior staircase in the ship when she tripped and fell on a dangerous condition on the stairway.

9. As a result of this incident, GAIL SULLIVAN sustained serious injury.

10. NOTICE: NCL knew or should have known that the subject stairway was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that stairway aboard the *Sun* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and believe NCL has received several passenger complaints/comments about the unreasonably dangerous nature of the stairs on its vessels. In addition, upon information and belief, knew or should have known that the stairways on *Sun* were unreasonably dangerous as a result of its participation design and construction of the *Sun* and approval of the design and construction of the stairs *See Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. App. 837 (11th Cir. 2012). Moreover, NCL knew or should have known of the unreasonably dangerous condition of its stairways because the design, maintenance, and lighting methods used by NCL for these stairs deviated from accepted

industry safety practices. *See, Holderbaum v. Carnival,* 87 F. Supp. 3d. 1345 (S.D. Fla. 2015)(J. Lenard.

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

11. DUTIES OWED: At all times material hereto, NCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Norwegian Sun* in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See, Brown v. Carnival Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro)(citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

12. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the stairway(s).

13. NCL breached the aforementioned duties of care owed to GAIL SULLIVAN in the following ways:

    a. Failing to warn passengers, that the subject stairs contained an optical illusion;

    b. Failing to warn passengers, including GAIL SULLIVAN of a hazardous and/or dangerous condition when NCL knew or should have known through the exercise of reasonable care, of this

      dangerous condition;

  c. Failing to take reasonable precautionary measures so that passengers could see and thereby be warned of the dangerous steps by providing adequate lighting and providing reasonable marking on the steps so that passengers could immediately observe the change of elevation.

  d. Failing to provide reasonable and sufficient warnings regarding the condition of the subject stairs of which NCL knew or should have known;

  e. Failing to comply with applicable building, construction, design and safety codes and regulations regarding warnings;

  f. Failing to provide stairs with sufficient lighting and reasonably safe markings so that passengers could immediately observe the change of elevation.

14. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, GAIL SULLIVAN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost

income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT II
### NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL OF THE SUBJECT STAIRS

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

15. <u>DUTIES OWED:</u> At all times material hereto, NCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Norwegian Sun*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

16. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the interior stairs.

17. NCL breached the aforementioned duties of care owed to GAIL SULLIVAN in the following ways:

    a. Failing to provide a reasonably safe stairs for passengers, including

GAIL SULLIVAN, for use under foreseeable conditions;

b. Failing to comply with applicable building, construction, design, and safety codes and regulations;

c. Failing to design a reasonably stairs for passengers, including GAIL SULLIVAN;

d. Failing to take reasonable precautionary measures so that passengers were not injured while using the stairs, including but not limited to: providing adequate lighting and providing reasonable marking on the steps so that passengers could immediately observe the change of elevation.

e. Approving and implementing the design of the interior stairs, including the use of the specific design that caused GAIL SULLIVAN'S fall, despite NCL's prior knowledge that this design was inadequately lit and provided no markings on the stairs so that passengers could immediately observe the change in elevation;

f. Failing to provide stairs with sufficient lighting and reasonably safe markings so that passengers could immediately observe the change of elevation.

g. Other acts of negligence to be discovered throughout discovery.

18. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, GAIL SULLIVAN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the

treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT MAINTENANCE OF THE STAIRWAY

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

19. <u>DUTIES OWED:</u> At all times material hereto, NCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *M/S Oasis of the Seas*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

20. NCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with NCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the exterior decks when wet.

21. NCL breached the aforementioned duties of care owed to the Plaintiff in the

following ways:

    a. Failing to comply with manufacturer standards/guidelines for cleaning the components of the subject stairway;

    b. Failing to reasonably and appropriately maintain the lighting in the area to prevent the appearance of an optical illusion;

    c. Failing to reasonably replace and maintain the carpeting on the subject stairway; and

    d. Failing to use reasonable care in the maintenance of the stairway.

22. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff, GAIL SULLIVAN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated: May 11, 2020
Coral Gables, Florida

        Respectfully Submitted,

        **FLANAGAN PERSONAL INJURY &**
        **WRONGFUL DEATH LAW FIRM, P.A.**
        *Counsel for Plaintiff*
        2 Alhambra Plaza
        Suite 620
        Coral Gables, Florida 33134
        Tel: (305) 638 – 4143
        Fax: (305) 397 - 2636

By:    */s/ Michael T. Flanagan*

        Michael T. Flanagan, Esq.
        Fla. Bar No. 0091072
        Primary E-mail: mtf@Florida-Justice.com
        Secondary E-mail: mtfassistant@Florida-Justice.com